UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually,

        Plaintiff,

vs.

        Case No.

3201 HOTEL, LLC,
a Delaware Limited Liability Company,

        Defendant.
_____/

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, 3201 HOTEL, LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

# COUNT I

1. Plaintiff, Helen Swartz, is an individual residing in Miami Beach, FL, in the County of Miami-Dade.

2. Defendant's property, The Faena Hotel, is located at 3201 Collins Avenue, Miami Beach, FL, in the County of Miami-Dade.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the

Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter. Family and friends often visit her in the Miami area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease. She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Miami.

6. Helen Swartz visited the property which forms the basis of this lawsuit from March 4 through March 5, 2020. Ms. Swartz has reservations to return to the property from December 15 through December 16, 2020, to stay with a friend who will be visiting from New York City, to avail herself of the goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. The Plaintiff has encountered architectural barriers at the subject property. The

barriers to access at the properties have impaired her ability to access the hotel safely, to safely use the restroom and other areas in the guestroom which the hotel deemed accessible, to safely and comfortably enjoy the restaurants, to safely use restrooms throughout the hotel, to safely enjoy the pool area and spa.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Faena Hotel, and is located at 3201 Collins Avenue, Miami Beach, FL.

9. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz desires to visit The Faena Hotel, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

$500,000 or less). A preliminary inspection of The Faena Hotel has shown that violations exist. These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

    a.    Upon checking in, the front desk chose to give the plaintiff a different room that was requested. The hotel gave the plaintiff a totally inaccessible guestroom saying to the plaintiff that she did not know what she was talking about when plaintiff stated the room was a regular guestroom. The hotel disagreed with the plaintiff in her ability to assess independently whether the initial guestroom meets her accessibility needs. This is in violation of §36.201, §36.302 (e)(1)(i-v). This made it difficult for the plaintiff as she was challenged by the front desk that the initial guestroom was accessible. Because of the staff's inability to know what an accessible guestroom looks like, the plaintiff had to move twice during her stay.

    b.    The staff has no training in what an accessible guestroom looks like. Management has not trained the hotel staff to identify and describe accessible features in the hotel and guest rooms. The hotel does not ensure that the appropriate accessible guestrooms are to be held for people with disabilities, especially one who booked the accessible guestroom with a roll-in shower. This is in violation of §36.302 (e)(1)(i-v).

    c.    The hotel does not have a written policy, practice or procedure for their staff to follow so a person with a disability is afforded proper access to the hotel. This is in violation of §36.302.

    d.    In guestroom #413, which hotel deemed an accessible guestroom, a clear floor space is not provided around both sides of the bed. This is in violation of section 806.2.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to negotiate the bed.

    e.    In guestroom #413, which hotel deemed an accessible guestroom, the water closet is not properly located. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the water closet.

    f.    In guestroom #413, which hotel deemed an accessible guestroom, the flush control is behind the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult

for the plaintiff to access the water closet.

   g.   In guestroom #413, which hotel deemed an accessible guestroom, the toilet paper dispenser is too far from the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the toilet paper dispenser.

   h.   In guestroom #413, which hotel deemed an accessible guestroom, grab bars are not provided by the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the water closet.

   i.   In guestroom #413, which hotel deemed an accessible guestroom, grab bars are not provided in the shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the shower.

   j.   In guestroom #413, which hotel deemed an accessible guestroom, grab bars are not provided in the shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the shower.

   k.   In guestroom #413, which hotel deemed an accessible guestroom, the shower unit in the roll-in shower is out of reach.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

   l.   In guestroom #413, which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

   m.   In guestroom #413, which hotel deemed an accessible guestroom, a curb blocks access into the roll in shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

   n.   In guestroom #413, which hotel deemed an accessible guestroom, a clear floor for a forward approach is not provided to access the lavatory. This is in

violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  o.  In guestroom #413, which hotel deemed an accessible guestroom, a turning space is not provided to enter or exit the bathroom. This is in violation of sections 304, 806.2.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  p.  In guestroom #413, which hotel deemed an accessible guestroom, access is not provided to or from the balcony. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  q.  In guestroom #413, which hotel deemed an accessible guestroom, the carpet is not securely attached. This is in violation of section 302.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  r.  In guestroom #413, which hotel deemed an accessible guestroom, the closet rod and shelves are out of reach to a person in a wheelchair. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  s.  In guestroom #413, which hotel deemed an accessible guestroom, items in the guestroom and bathroom are out of reach to a person using a wheelchair. This is in violation of sections 308, 806 and 811 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  t.  In guestroom 504, the carpet is not securely attached. This is in violation of section 302.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  u.  In guestroom 504, access is not provided to or from the balcony. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  v.  In guestroom 504, the closet rod and shelves are out of reach to a person in a wheelchair. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

w. In guestroom 504, the flush control is behind the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the water closet.

x. In guestroom 504, the pipe underneath the lavatory is exposed. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

y. In guestroom 504, the shower unit in the roll-in shower is out of reach. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

z. In guestroom 504, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

aa. In guestroom 504, appropriate grab bars are not provided by the bathtub. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

bb. In guestroom 504, a shower unit is not provided by the bathtub. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

cc. In guestroom 504, a secure placement of the seat is not provided in the bathtub. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

dd. Items in the guestroom and bathroom in 504 are out of reach to a person using a wheelchair. This is in violation of sections 308, 806 and 811 of the 2010 Standards for Accessible Design; 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

ee. Accessible seating is not provided in the assorted restaurants, bars and table at Faena and Faena Bazaar, which includes, but not limited to, Po, Los Fuegos and Tree of Life. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access the

7

assorted bars and tables; 28 CFR §36.202 & §36.304.

ff. The pipes underneath the lavatories in Po are exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facilities.

gg. In one of the hotel's toilet rooms, a change in level is by the accessible water closet. This is in violation of section 304.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

hh. In the hotel's 2nd floor toilet room, the ambulatory stall door is not self-closing. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

ii. In the hotel's 2nd floor toilet room, the hook in ambulatory stall door is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

jj. Directional signage is not provided to the pool accessible toilet compartment. This is in violation of section 216.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

kk. Not limited to the pool toilet compartment door, the toilet room compartment doors around the hotel have hardware that requires tight grasping, pinching, or twisting of the wrist to operate. This is in violation of section 309.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to operate the locks on the doors.

ll. The mirror in the pool toilet compartment is out of reach to a person in a wheelchair. This is in violation of section 603.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

mm. In the pool toilet compartment, the pipe underneath the lavatory is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible

Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

nn. The outside stairway does not have appropriate handrails. This is in violation of section 505 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

oo. Objects protrude onto the hotel ramp to the street. This is in violation of section 609.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

pp. The pool ramp does not have edge protection. This is in violation of section 405.9 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

qq. The accessible door entry hardware to enter/exit the pool area is out of reach to a person in a wheelchair. This is in violation of section 404.2.7 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

rr. A guest with a disability is denied the opportunity to participate in choosing one of the assorted cabanas and lounges that are offered around the pool, and to items in the outside area that are offered to the hotel's abled guests. This is in violation of §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

ss. The pool lift is not located by the side of the pool nor is the lift capable of unassisted operation. This is in violation of sections 1009.2.1 and 1009.2.7 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

tt. A lift is not provided by the outdoor spa. This is in violation of section 242.4 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

uu. Appropriate seating/benches are not provided around the Tierra Santa Healing Spa. This is in violation of section 903.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

vv. A transfer type shower compartment is not provided in the Tierra Santa

Healing Spa. This is in violation of sections 608.2.1, 608.3.1, 608.4.1 and 608.5.1 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

ww.     In the Tierra Santa Healing Spa, a clear floor space for a forward approach is not provided to access the lavatories. This is in violation of section 606.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facilities.

xx.     In the Tierra Santa Healing Spa, hooks are mounted out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facilities.

yy.     In all three toilet compartments at Faena Bazaar, the flush control is behind the water closets. This is in violation of section 604.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facilities.

zz.     In all three toilet compartments entry doors at Faena Bazaar have a change in level. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facilities.

aaa.    Most of the toilet room entry doors in the hotel and the Bazaar do not have appropriate designations. This is in violation of section 216.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

bbb.    Appropriate handrails are not provided by the ramp at Faena Bazaar. This is in violation of section 505.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

ccc.    The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1)

ddd.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Faena Hotel to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**

**Negligence**

19. Plaintiff realleges all allegations heretofore set forth.

20. Defendant, through its activities and past ventures and experience, knew or reasonably should have known its duties to the impaired. Defendant had a duty to Plaintiff to remove ADA accessibility barriers, and adopt policies and procedures, as mandated by the ADA, so that Plaintiff, as a disabled individual would have full and equal access to the subject public accommodation.

21. Defendant breached this duty.

22. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.

23. Discrimination against individuals with disabilities persists in the use and enjoyment of public accommodations.

24. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals.

25. The ADA has been the law of the land since 1991, but Defendant has negligently denied Plaintiff her civil rights by maintaining architectural barriers that preclude the Plaintiff

from the full and equal use of the subject premises, and that endangered and continues to endanger Plaintiff's safety. This negligent conduct of the Defendant has also caused Plaintiff damage by virtue of segregation, discrimination, relegation to second class citizen status and the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

**WHEREFORE,** Plaintiff prays for relief, as follows:

A.  For finding of negligence; and

B.  For damages in an amount to be proven at trial; and

C.  For such other and further relief as the Court may deem just and proper.

Dated: March 18, 2020                    Respectfully submitted,

*/s/   Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com
*Attorney for Plaintiff Helen Swartz*